## Boner *vs* Montgomery.

### ERROR TO THE GARRARD CIRCUIT.

*Chancery jurisdiction.    Gaming.*

JUDGE BRECK delivered the opinion of the Court.

THE right of the loser to resort to a Court of equity to recover back money lost and paid at gaming, was settled by this Court, in *McKinney* vs *Pope's adm'r.*, (3 *B. Monroe*, 93;) and the same principle recognized in *Lyle* vs *Lindsey*, (5 *B. Monroe*, 123.)

Regarding these cases as settling authoritatively the question of jurisdiction, it results that the Court below erred in dismissing, upon that ground, the complainant's bill.

Upon the merits, in view of the pleadings and the proof, the complainant, in our opinion, was entitled to recover sixty-six dollars, and with interest from the commencement of his suit.

It also seems to us that the grounds for the attachment awarded him, are satisfactorily sustained by the evidence, and that the relief sought in that respect should have been decreed.

In regard to the cross bill of the defendant, we are of opinion it was properly dismissed.

The testimony is deemed insufficient to sustain the demand set up by the defendant, in opposition to the positive denials in the complainant's answer.

Wherefore, the decree, in as far as it dismisses the cross bill of the defendant, is upon cross errors affirmed. But so far as it dismisses the complainant's bill, it is reversed, and the cause remanded, that a decree may be rendered in conformity with this opinion.

*Burdett* for plaintiff; *Dunlap* for defendant.

CHANCERY.

*Case* 40.

*January* 11.

The loser of money at unlawful gaming may recover it back by bill in chancery. (*McKinney* vs *Pope's adm'r*, 3 *B. Monroe*, 93; *Lyle* vs *Lindsey*, 5 *Ib.*, 123.)